CRESENCIO v. STATE.

(Court of Criminal Appeals of Texas. April 8, 1914.)

1. INDICTMENT AND INFORMATION (§ 138*) — MOTIONS TO QUASH—BURDEN OF PROOF.

A motion to quash an indictment which did not state accused's full name, on the ground that the grand jury, by the exercise of reasonable diligence, could have ascertained his true name, was properly overruled, where it was not sworn to, and was supported by no evidence.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 472; Dec. Dig. § 138.*]

2. INDICTMENT AND INFORMATION (§ 140*) — AMENDMENTS—DESIGNATION OF ACCUSED.

Where an indictment did not state accused's full name, reciting that it was unknown to the grand jurors, a motion to quash the indictment, in which motion his full name was stated, should have been treated as suggesting his name, and the court should have corrected the indictment, made the proper entries, and proceeded with the cause.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 474, 475, 478; Dec. Dig. § 140.*]

---

**3. CRIMINAL LAW (§ 1186*)—APPEAL—HARM-LESS ERROR — DESIGNATION OF ACCUSED IN INDICTMENT.**

Under Code Cr. Proc. 1911, art. 451, subd. 4, and article 456, requiring indictments to contain accused's name, or state that it is unknown, and give a reasonably accurate description of him, article 559, providing that, unless accused suggests, when arraigned, that he is not indicted by his true name, it shall be taken as truly set forth, articles 560, 561, and 562, providing for the correction of the indictment upon such a suggestion, and that, if accused refuses to say what his real name is, the cause shall proceed, article 453, requiring an indictment to be such as to enable accused to plead the judgment thereon in bar of a subsequent prosecution, article 460, making indictments sufficient which charge the offense so as to enable a person of common understanding to know what is meant, give accused notice of the particular offense charged, and enable the court to pronounce the proper judgment, and article 476, providing that the proceedings shall not be affected by any defect of form in an indictment which does not prejudice accused's substantial rights, the giving of a wrong name or the failure to give accused's full name is a matter of form only, and, where he was described by his Christian name, nationality, and place of residence, which description was not shown to be untrue, and it appeared that he was the identical person alleged to have committed the offense charged, the judgment will not be reversed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219, 3221, 3230; Dec. Dig. § 1186.*]

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Cresencio de la Cerda, indicted as "Cresencio, a Mexican," was convicted of violating the prohibition law, and he appeals. Affirmed.

R. E. McKie, of San Marcos, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. From a conviction for a misdemeanor for violating the prohibition law, with the lowest penalty prescribed by law affixed, appellant appeals.

While the evidence was contradictory it was amply sufficient to sustain the verdict. The only material question in the case is as to the sufficiency of the indictment, because of appellant's name. The indictment properly charges every essential element to show, and does show, that the law prohibiting the sale of intoxicating liquor, making it a misdemeanor, was in force at the time this offense is alleged to have been committed. It then alleges that on May 15, 1913, "Cresencio, a Mexican, living at Kyle, a better description and name being to the grand jurors unknown, did," etc., unlawfully sell a bottle of whisky, etc.

[1, 2] When the case was called for trial, appellant, by his attorney, made a motion to quash the indictment, because it did not contain his surname, or any description of him; that his name is Cresencio de la Cerda; that he is not known by the name contained in the indictment, and has never been known by any such name or any other than Cresencio de la Cerda, which is his true name; that he has resided in Kyle, in Hays county, for a number of years, and is well known there, and, by the exercise of reasonable diligence, his true name could have been known by the grand jury returning the indictment. This motion is signed by his attorney alone, not by him. It is not sworn to by any person, and the record does not show that any evidence whatever was introduced before the court on the hearing of said motion. It simply and solely shows that, when the court heard the motion, he overruled it, and appellant excepted. Certainly the motion, not sworn to, and no evidence introduced to support the extrinsic allegations therein, should not be held sufficient to quash the indictment. Whether it did or not, it should have been held to have suggested appellant's correct and full name, and the court should have had the indictment corrected, the proper entries made, and the cause proceed as directed by the statute. The court correctly overruled the motion to quash.

The case then went to trial before a jury. It was admitted that the prohibition law, as alleged, was in force at and before the alleged sale was made. The state introduced one witness who testified, showing fully and completely that appellant committed the offense charged at the time and place alleged, and rested. The defendant then testified, denying making the sale, he claiming that he made a gift of the whisky and not a sale, and received no money therefor. He introduced one witness, who, to some extent, corroborated him. He alone testified that his name was Cresencio de la Cerda; that he lived at Kyle, in Hays county, and that he had lived there, more or less, for the past 16 years; that for a long time he run a barber shop and restaurant on one of the main streets in the town; that he was well known to most all of the people in Kyle; that Mr. Sledge and all the merchants knew him; "most everybody in that community knows my name." This, in substance, was the testimony on this subject in full.

Appellant then made a motion to peremptorily instruct the jury to find him not guilty, because no evidence had been adduced showing that due diligence was used to procure and insert in the indictment his true name, and that the evidence showed his true name as alleged and testified by him, and that there was no sufficient description of him, and that the indictment nowhere alleges any diligence was used by the grand jury to procure his surname or true name. The court overruled this motion, to which he excepted. After his conviction, he made a motion in arrest of the judgment, on the same grounds. This was overruled.

In our opinion, none of these matters show any reversible error. Our decisions are conflicting on the subject. Decisions may be found, and some are cited by appellant,

which would indicate that appellant's motion to quash was good, while others are to the contrary. Perhaps other decisions would indicate that his refused instruction should have been given, and that his motion in arrest of judgment should have been sustained, while other decisions are, in effect, to the contrary. Under the circumstances and the conflict in the decisions, we will go to the statutes on the subject and to principles applicable thereto, and abide thereby.

[3] Under our Code of Criminal Procedure, when first adopted, one of the requisites of an indictment was (article 451, subd. 4): "It must contain the name of the accused, or state that his name is unknown, and, in case his name is unknown, give a reasonably accurate description of him." And (article 456, C. C. P.): "In alleging the name of the defendant or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and, if it be the person accused of the offense, a reasonably accurate description of him shall be given in the indictment."

The following articles of the Code of Criminal Procedure were also a part of the old Code:

"Art. 559. When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and, unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense.

"Art. 560. If the defendant, or his counsel for him, suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself, the style of the cause changed so to give his true name, and the cause proceed as if the true name had been first recited in the indictment.

"Art. 561. If the defendant alleges that he is not indicted by his true name, and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true; and the defendant shall not be allowed to contradict the same by way of defense.

"Art. 562. Where a defendant is described as a person whose name is unknown, he may have the indictment so corrected as to give therein his true name."

Also as a part of the old Code was article 453, which is:

"Art. 453. The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense."

Since all of these articles were originally enacted as a part of the Code, Act March 26, 1881, c. 57, p. 60, was enacted, whereby it was provided (article 460): "An indictment for any offense against the penal laws of this state shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment." And article 476 is a part of the same act, which is: "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant."

Taking all of these articles together we think it is clear and certain: First, that the purpose and object in giving the name of an accused in the indictment is for identification; the name alone is sufficient for that, without any description whatever; second, that a wrong name or not the full name is a matter of form only, which an accused can readily and at his own suggestion completely have corrected at the time; third, that when part of the name is correctly given and a description of him such as given in this case is shown to be true, or, rather, when it is not shown that it is untrue is a sufficient description of him and establishes his identity; and, fourth, as said by article 476, an indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant.

In this case it is an absolute certainty that appellant and no other was the identical person who is alleged to have committed the offense charged herein. He so testified, and all of the evidence, without the slightest contradiction or uncertainty, shows that he is that person. That the portion of his name Cresencio is his name, and no other is shown to have had the same name, that he is a Mexican, and that he lived at Kyle is, without doubt, also shown. And it is without a shadow of doubt shown that his substantial rights have in no way been prejudiced by not giving his full name, and therefore the indictment should not be held insufficient, nor should the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection of form in the indictment.

Such being the case and the clear intent of the statute and law, the judgment herein will be affirmed.